[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 23, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14788
Non-Argument Calendar

_____

D. C. Docket No. 06-80048-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TYRONE ANTHONY JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 23, 2007)**

Before CARNES, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Tyrone Anthony Johnson appeals the seventy month prison sentence

imposed on him by the district court after he pleaded guilty to possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). He contends that his sentence, which was the lowest in the guideline range, was both procedurally and substantively unreasonable because the district court failed to properly consider specific mitigating circumstances. Johnson also argues that the increase in his base offense level due to a previous robbery conviction yielded a sentence that was too harsh given his minimal participation in that robbery. Finally, Johnson asserts that his youth, regret, and desire to support his infant son make the district court's refusal to award him a downward variance unreasonable.

We review the final sentence imposed by the district court for reasonableness. United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005). Our review for reasonableness is deferential. United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006).

Unreasonableness may be procedural, such as occurs when the procedure the district court used does not meet the requirements found in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), or it may be substantive in nature. See United States v. Hunt, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006). After Booker, a district court, in determining a reasonable sentence, must consider the correctly calculated advisory guideline range and the factors set forth in 18 U.S.C.

2

§ 3553(a). United States v. Valnor, 451 F.3d 744, 749 (11th Cir. 2006). After correctly calculating the advisory guideline range, the district court may impose a more severe or lenient sentence, so long as the resulting sentence is reasonable. Id. at 750. "[T]here is a range of reasonable sentences from which the district court may choose[,]" and the burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors lies with the party challenging the sentence. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

Here, Johnson's sentence was procedurally reasonable because the district court correctly calculated the guideline range and indicated that it had considered the factors set forth in § 3553(a). The seventy-month sentence was also substantively reasonable. We note that the sentence imposed was at the very bottom of the advisory range, and "ordinarily we would expect a sentence within the Guidelines range to be reasonable." Talley, 431 F.3d at 788. Additionally, given the frequency of Johnson's past criminal conduct and his apparent disregard for the rule of law, the district court's determination that a sentence within the guideline range was necessary to protect the public represents a thoughtful weighing of the statutory factors. Therefore, Johnson has not met his burden to show his sentence at the lowest point in the guideline range is unreasonable.

**AFFIRMED.**